AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Vermont

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 JAN 29  PM 4: 23

CLERK
BY_____
DEPUTY CLERK

| | |
|---|---|
| United States of America<br>v.<br><br>KWASI ASANTE<br><br>_____<br>*Defendant(s)* | )<br>)<br>)  Case No.<br>)<br>)  2:16-mj-18<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ____December 7, 2015____ in the county of ____Rutland____ in the
_____ District of ____Vermont____, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 841(a)(1) | Defendant knowingly and intentionally distributed heroin, a schedule I controlled substance. |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Christopher Destito, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1-29-2016

_____
*Judge's signature*

City and state: Burlington, Vermont         Hon. John M. Conroy, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

Christopher Destito, being duly sworn, deposes and states as follows:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and have been since 1997. I was assigned to the Drug Enforcement Administration (DEA), Vermont Drug Task Force, Burlington, Vermont Office, from 1999 to 2001 where I was responsible for complex drug distribution investigations. I have extensive experience investigating drug crimes.

2. The purpose of this affidavit is to establish probable cause to conclude that on or about December 7, 2015, KWASI ASANTE knowingly and intentionally distributed heroin, a schedule I controlled substance. The information presented below is based on information observed by me personally, and conveyed to me by other agents with knowledge of this investigation, including Det. Andrew Hunt of the Southern Vermont Drug Task Force (SVDTF), as well as my review of reports of the SVDTF relating to this matter. Given the limited purpose of this affidavit, it does not contain everything I know about this case.

3. In or about October 2015, I spoke with a Confidential Informant ("CI"), who advised me, in sum and in substance, KWASI ASANTE and JAIDEN PAIGE were selling large quantities of heroin in the greater Rutland area. The CI admitted to selling several grams of heroin a week for ASANTE and PAIGE, the amount depended on the demand the CI had from its' customers. The CI had been working for PAIGE and ASANTE on and off for approximately two years.

4. In an effort to receive consideration for pending charges, the CI agreed to make controlled purchases of illegal narcotics from ASANTE. CI has a criminal history that consists of multiple instances of operating a vehicle with a suspended license, false inpersonation, Petity larceny. The CI also has a pending charge for distribution of a controlled substance. However, as it relates to the current investigation, I believe that CI is providing accurate and truthful information because the information that CI has provided about ASANTE has been corroborated by another witness as well as controlled purchases of narcotics from ASANTE, and law enforcement surveillance, some of which I have participated in.

5. On December 7, 2015, the CI advised Det. Hunt that the CI had contacted ASANTE to arrange the purchase of heroin. The CI arranged a purchase of a quantity of heroin from ASANTE at ASANTE's residence at 9-5 Regency Manor, Rutland, Vermont. Prior to the meeting, that was arranged by this communication, the CI and the CI's vehicle were searched by members of the Southern Vermont Drug Task Force (SVDTF), and no drugs were found, a quantity of money was found on the CI and was held by Detctive Hunt until the purchase was complete. The CI was provided a transmitter, recording device, and pre-recorded funds. The CI was then surveilled to the buy location. The CI was observed entering 9-5 Regency Manor, and could be overheard discussing drug trafficking with ASANTE, more specifically going out of the state of Vermont to obtain the heroin.

6. Department of Motor Vehicle Records confirm that 9-5 Regency Manor is the residence of ASANTE. In addition, I have consulted Rutland City Police Department dispatch who confirmed there has been police response to this address during which Asante identified it as Asante's home address.

7. Following the aforementioned meeting, the CI met with the investigators and surrendered a package that contained a quantity of suspected heroin that the

CI purchased from ASANTE. A small portion of the suspected heroin was field tested for the presenece of heroin and it tested positive.

8. The CI then gave Det. Hunt a sworn statement confirming that while the CI was inside the residence, the CI paid the previously negotiated $140 purchase price to ASANTE, who supplied the CI with the suspect heroin within the living room of the residence.

Dated at Burlington in the District of Vermont on this 29th day of January, 2016.

_____
CHRISTOPHER DESTITO, FBI SA

Sworn to and subscribed before me this 29th day of January, 2016.

_____
JOHN M. CONROY
UNITED STATES MAGISTRATE JUDGE